Owen, C. J.
The contention of the plaintiffs is that the appointments made by the widow are void. Several grounds are assigned for this claim. Among them, that (1) the power conferred by the will was one of distribution or disposition only, and not of selection and distribution; (2) that if there was a distribution among all the objects of the power, -still the appointments to the plaintiffs were merely illusory and hence void; and (3) that the principal appointments made by the widow were for her own interest and benefit, and that while she may have acted upon an honest misconstruction of the power conferred upon her, its attempted execution was in legal effect an abuse, and in fraud, of the power actually conferred, and consequently void. An innocent motive will not save the exercise of a power if it violate the true purpose of the trust. William’s Appeal, 73 Pa. St. 249. We deem it unprofitable to consider more than the one ground upon which we rest our determination of the case. After giving to his wife a life estate in all his property and directing a sale of sufficient to pay his debts, the testator uses the following words: “And I do further authorize my wife after my death to dispose of all the above said property to my heirs as she thinks best.” It must be conceded that, subject to her own interest as a tenant for life, the widow was invested, at best, with but a power of appointment over the property which was the subject of disposition.
If in the attempted execution of the power conferred upon her she sought and obtained a substantial pecuniary benefit for herself, beyond, and not contemplated by, the manifest intention of the testator, the appointments fail as inoperative and void for want of power to make them.
“ A person, having a power of appointment for the ben *242 efit of others, shall not, by any contrivance, use it for his own benefit.” 1 Story’s Eq. Jur., § 255.
In 2 Pomeroy’s Eq. Jur., § 920, it is said that equity will regard an appointment as fraudulent “ where the donee is restricted to a certain class of beneficiaries not including himself, and he intentionally makes an appointment for the purpose of his own benefit, and in such a manner as directly or indirectly to secure his own benefit.”
“It is a principle well established that a father, having a power of appointment, can not derive a benefit to himself from the execution of it.” Lord Chancellor Manners, in Palmer v. Wheeler, 2 Ball & Beatty, 29.
“A power can not be executed in favor of the donee of the power unless the instrument specially authorizes him to do so. The donee of a power can not execute it 'for any pecuniary gain, directly or indirectly, to himself.” 2 Perry on Trusts, § 511; 1 Ibid., § 254.
This principle finds strong support in the following cases: McQueen v. Farquhar, 11 Ves. 479; Aleyn v. Belchier, 1 Eden, 138; Agassiz v. Squire, 1 Jurist (N. S.) 50; Bostick v. Winton, 1 Sneed (Tenn.) 525; Cruse v. McKee, 2 Head (Tenn.) 1; Holt v. Hogan, 5 Jones Eq. (N. C.) 82.
In the case at bar the widow attempted to convey to Henry Dewitt in fee-simple, by warranty deed, twenty-three acres of the land left by the testator, for the consideration of $1,000. She also attempted to convey to Charles Dewitt in fee-simple, by warranty deed, forty-three acres of the land for the consideration of $100 to be paid to her, the taxes, expénses of her last sickness, an attendant during her life, funeral expenses, and a tombstone at her grave. She reserved the use of the land during her life.
The suggestion that the money and beuefits received by her represented the stipulated value of her life interest in the property disposed of is conclusively answered by the averments of the petition, which are that they were the considerations, respectively, of the conveyance of the tracts of lands disposed of. Besides, it will be observed that her life estate is expressly reserved in the deed to Charles.
*243 That her own personal, pecuniary benefit was in the contemplation of the parties to the transactions, seems too clear for discussion. We may well suppose that those heirs of the testator who were practically excluded from all benefits of the power conferred would have substantially shared in the disposition of the property but for these appointments made for her own benefit.
It was clearly the intention of the testator that his widow should not share in the estate beyond the life interest which the will bestowed upon her; and in seeking to derive a substantial benefit for herself from the estate which was intended to be appointed to the heirs of the testator, she exceeded and abused the power conferred. Upon the principle already declared but one result can follow the conclusion reached. The appointments attempted to be made by the widow are void. The claim made in behalf of the defendants, Lang and Weaver, that they are innocent, bona fide purchasers without notice, is not sustained by the most liberal construction, in their behalf, of the averments of the petition. The plaintiffs are entitled to the relief demanded.
The district court erred in sustaining the demurrer to the petition. The judgment of that court is reversed. The demurrer is overruled. The cause will be remanded to the eireuit court for further proceedings.